IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA
CENTRAL DIVISION

| | |
|---|---|
| WILLIAM PIERSON, as next friend of B.L.P. and A.J.P., minors,<br><br>　　Plaintiff,<br><br>v.<br><br>STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY,<br><br>　　Defendant. | CASE NO.  4:25-cv-224<br><br><br>DEFENDANT STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY'S ANSWER, AFFIRMATIVE DEFENSES, AND JURY DEMAND |

COMES NOW, Defendant, State Farm Mutual Automobile Insurance Company, and submits its Answer, Affirmative Defenses, and Jury Demand.

**PARTIES, JURISDICTION, AND VENUE**

1.　Plaintiff William Pierson is an individual who at all times material hereto resided in Ames, Story County, Iowa.

**ANSWER: The allegations asserted in paragraph 1 are denied for lack of knowledge.**

2.　B.L.P., a minor, is an individual who at all times material hereto resided in Leon, Decatur County, Iowa and Ames, Story County, Iowa.

**ANSWER: The allegations asserted in paragraph 2 are denied for lack of knowledge.**

3.　A.J.P., a minor, is an individual who at all times material hereto resided in Leon, Decatur County, Iowa and Ames, Story County, Iowa.

**ANSWER: The allegations asserted in paragraph 3 are denied for lack of knowledge.**

1

4.     Defendant State Farm Mutual Automobile Insurance Company (hereinafter "State Farm") is a business entity domiciled in Illinois that regularly transacts business within the state of Iowa.

**ANSWER: The allegations asserted in paragraph 4 are admitted.**

5.     The damages of Plaintiff, as next friend of B.L.P. and A.J.P., minors, in the above-captioned matter exceed the amount necessary to maintain this action in the Iowa District Court Decatur County and exceed the jurisdictional requirements set forth in the Iowa Rules of Civil Procedure.

**ANSWER: The allegations asserted in paragraph 5 are denied.**

6.     Venue is appropriate in this Court because the events that caused the injuries of Plaintiff and minor children arose in Decatur County, Iowa.

**ANSWER: Paragraph 6 is a legal statement best reserved for the Court. This case has been removed to the United State District Court for the Southern District of Iowa.**

## FACTS COMMON TO ALL COUNTS

7.     Plaintiff, as next friend of B.L.P. and A.J.P., minors, incorporates the above paragraphs as if fully set out herein.

**ANSWER: Defendant reasserts its answers to paragraphs 1-6.**

8.     On or about April 12, 2023, Shane Auxier was traveling southbound on Highway 69 S. 26 MM in Decatur County and was exiting a left-hand curve in the roadway.

**ANSWER: The allegations asserted in paragraph 8 are denied for lack of knowledge.**

9.     Upon exiting the curve, Mr. Auxier failed to straighten with the roadway and crossed over the center line into the northbound lane. Mr. Auxier's vehicle struck the front left side of Brianna Pierson's vehicle, which was traveling northbound in its proper lane.

**ANSWER: The allegations asserted in paragraph 9 are denied for lack of knowledge.**

10.  Brianna Pierson was partially ejected from the driver's side of the vehicle and was pronounced dead at the scene.

**ANSWER: The allegations asserted in paragraph 10 are denied for lack of knowledge.**

11.  Plaintiff and Ms. Pierson were previously married but were divorced at the time of the accident. They shared two minor children, B.L.P. and A.J.P., who resided part-time with Plaintiff.

**ANSWER: The allegations asserted in paragraph 11 are denied for lack of knowledge.**

12.  B.L.P. and A.J.P. sustained loss of consortium damages as a result of the collision and Ms. Pierson's death.

**ANSWER: The allegations asserted in paragraph 12 are denied.**

### COUNT 1 – UNINSURED/UNDERINSURED MOTORIST CLAIM

13.  Plaintiff, as next friend of B.L.P. and A.J.P., minors, incorporates the above paragraphs as if fully set out herein.

**ANSWER: Defendant reasserts its answers to paragraphs 1-12.**

14.  At the time of the above-described accident, Plaintiff, B.L.P., and A.J.P. were insured under an uninsured/underinsured motorist policy issued by Defendant State Farm, policy number 165095415C.

**ANSWER: The allegations asserted in paragraph 14 are denied.**

15.  At the time of the above-described accident, neither Plaintiff, B.L.P., nor A.J.P. were in breach of any term of the policy issued by Defendant State Farm.

**ANSWER: The allegations asserted in paragraph 15 are denied.**

16. As insureds under Plaintiff's policy, B.L.P. and A.J.P. have a right of recovery for their loss of consortium claim resulting from their mother's death. *See Jones v. State Farm Mut. Auto. Ins. Co.*, 760 N.W.2d 186 (2008).

**ANSWER: The allegations asserted in paragraph 16 are denied.**

17. B.L.P. and A.J.P., minors suffered damages through no fault of their own as a result of the above-described accident.

**ANSWER: The allegations asserted in paragraph 17 are denied.**

18. The tortfeasor, Shane Auxier, did not have insurance sufficient to cover B.L.P. and A.J.P.'s damages, and therefore Plaintiff, as next friend of B.L.P. and A.J.P., is entitled to recover damages up to the uninsured/underinsured motorist policy's coverage limits.

**ANSWER: The allegations asserted in paragraph 18 are denied.**

19. B.L.P. and A.J.P.'s claim with Mr. Auxier's insurer was settled with Defendant State Farm's express consent.

**ANSWER: The allegations asserted in paragraph 19 are denied.**

## COUNT II – BAD FAITH

20. Plaintiff, as next friend of B.L.P. and A.J.P., minors, incorporates the above paragraphs as if fully set out herein.

**ANSWER: Defendant reasserts its answers to paragraphs 1-20.**

21. Defendant State Farm wrongfully denied coverage for B.L.P. and A.J.P. under policy number 165095415C, asserting that B.L.P. and A.J.P. were not "resident relatives" under Plaintiff's policy.

**ANSWER: The allegations asserted in paragraph 21 are denied.**

22. At all relevant times, the B.L.P. and A.J.P. resided part-time with Plaintiff, their father and the named insured under the policy.

**ANSWER: The allegations asserted in paragraph 22 are denied for lack of knowledge.**

23. As insureds under Plaintiff's policy, B.L.P. and A.J.P. have a right of recovery for their loss of consortium claim resulting from their mother's death. *See Jones v. State Farm Mut. Auto. Ins. Co.*, 760 N.W.2d 186 (2008). Plaintiff's undersigned counsel previously provided Defendant State Farm a copy of this Iowa Supreme Court opinion.

**ANSWER: The allegations asserted in paragraph 23 are denied.**

24. Defendant State Farm's denial of coverage was unreasonable and contrary to the facts known or readily available to it at the time of the claim.

**ANSWER: The allegations asserted in paragraph 24 are denied.**

25. Defendant State Farm failed to conduct a fair and reasonable investigation before denying the claim.

**ANSWER: The allegations asserted in paragraph 25 are denied.**

26. Defendant State Farm's denial was made in bad faith and in breach of its duties under the insurance contract and applicable law.

**ANSWER: The allegations asserted in paragraph 26 are denied.**

27. As the result of Defendant State Farm's bad faith denial, Plaintiff, as next friend of B.L.P. and A.J.P., minors, suffered damages, including but not limited to emotional distress and the denial of policy benefits.

**ANSWER: The allegations asserted in paragraph 27 are denied.**

WHEREFORE, Defendant prays that the Plaintiff's Petition be dismissed, and costs thereof be assessed against the Plaintiff.

## AFFIRMATIVE DEFENSES

1. <u>Failure to State a Claim</u>. Plaintiff fails to state a claim giving rise to relief.

2. <u>Condition Precedent Not Satisfied</u>. Plaintiff has not satisfied a condition precedent within the policy and therefore cannot recover on the policy.

3. <u>Failure to Perform</u>. Plaintiff failed to perform his contractual obligations and is thus not entitled to recover from Defendant.

4. <u>Punitive Damages Not Recoverable</u>. Punitive damages are not recoverable in this action insofar as the awarding of such would be in violation of the Due Process Clause of the Iowa and the United States Constitutions.

5. <u>Policy Provisions</u>: Applicable policy exclusions and provisions may preclude coverage for the damages alleged in this case.

## JURY DEMAND

COMES NOW, Defendant, State Farm Mutual Automobile Insurance Company, and respectfully requests a trial by jury of all issues triable.

Respectfully submitted,

GREFE & SIDNEY, P.L.C.

By  */s/* Aaron W. Lindebak
Guy R. Cook     AT0001623
Clark I. Mitchell     AT0005354
Aaron W. Lindebak     AT0011917
500 East Court Avenue, Suite 200
P.O. Box 10434
Des Moines, Iowa 50306
Telephone: (515) 245-4300
Fax: (515) 245-4452
E-mail: gcook@grefesidney.com
E-mail: cmitchell@grefesidney.com
E-mail: alindebak@grefesidney.com
ATTORNEYS FOR DEFENDANT

Certification of Service

      The undersigned certifies that the foregoing instrument was served upon all parties to the above cause to each of the attorneys of record herein on July 11, 2025, via CM/ECF as follows:

J. Barton Goplerud  
Brian O. Marty  
Madeleine Miller  
SHINDLER, ANDERSON, GOPLERUD & WEESE, P.C.  
5015 Grand Ridge Drive, Suite 100  
West Des Moines, IA 50265  
E-mail:  goplerud@sagwlaw.com  
E-mail:  marty@sagwlaw.com  
E-mail:  mmiller@sagwlaw.com  

George B. Jones  
THE LAW OFFICE OF GEORGE B. JONES, PLLC  
638 West Main Street  
Lamoni, IA 50140  
E-mail: topiowalawyer@gmail.com  
ATTORNEYS FOR PLAINTIF  

                                          By   */s/* Aaron W. Lindebak